IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
In re:                                          :     Chapter 11
                                                :
GENESIS HEALTH VENTURES, INC.,                  :     Case No. 00-2692 (PJW)
et al.,                                         :
                                                :
       Reorganized Debtor.                  :
---------------------------------------------------------x
JAMES J. HAYES,                                 :
       Appellant,                           :
                                                :
       v.                                   :     C.A. No. 06-397 (JJF)
                                                :
GENESIS HEALTH VENTURES, INC.,                  :
et al.                                          :
       Appellees.                           :
                                                :
---------------------------------------------------------x

### APPELLEES' MOTION TO DISMISS APPEAL OF JAMES J. HAYES AS UNTIMELY UNDER RULE 8002 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Appellees Genesis Health Ventures, Inc. and its former debtor affiliates (the "Reorganized Debtors") hereby move to dismiss the above-captioned appeal (the "Appeal"), filed by James J. Hayes ("Hayes"), as untimely under Rule 8002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Reorganized Debtors respectfully represent as follows:

#### INTRODUCTION

On May 15, 2006, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Order") (i) denying, with prejudice, the "Motion for Stay of Order Granting Reorganized Debtors' Cross Motion for Sanctions for the Pendency of the Appeal", filed by Mr. Hayes, and (ii) denying, without prejudice, the "Reorganized Debtors' Cross-Motion for the Entry of an Order (A)

RLF1-3025668-1

Imposing Further Monetary Sanctions Against Mr. Hayes, (B) Barring Mr. Hayes From Filing Any Additional Pleadings In This Case and (C) Relieving the Reorganized Debtors of Their Obligation to Respond to Any Additional Pleadings Filed By Mr. Hayes", filed by the Reorganized Debtors.[1] On May 30, 2006 -- fifteen days after the entry of the Order -- Mr. Hayes commenced the Appeal by filing a notice of appeal (the "Notice of Appeal") in the Bankruptcy Court.[2] Notwithstanding his failure to file the Notice of Appeal within the ten-day period provided by Bankruptcy Rule 8002(a), Mr. Hayes did not move the Bankruptcy Court for an extension of time in which to commence the Appeal under Bankruptcy Rule 8002(c).

## REQUESTED RELIEF

By this Motion, the Reorganized Debtors seek the entry of an order dismissing the Appeal as untimely under Bankruptcy Rule 8002.

## ARGUMENT

A notice of appeal must be filed within 10 days of the date of entry of the judgment, order, or decree that is appealed from. See Fed. R. Bankr. Proc. 8002(a). Rule 8002(a)'s ten day mandate "has been strictly construed, requiring strict compliance with its terms." In re Universal Minerals, Inc., 755 F.2d 309, 311 (3d Cir. 1985). Rule 8002 is a jurisdictional rule -- unless the provisions of Rule 8002 are followed and the appeal is filed in a timely fashion, the ability to appeal is lost. See id. (holding that the failure to file a timely notice of appeal deprives a district court of jurisdiction to review the bankruptcy court's order or judgment).

---

[1] A copy of the Order is attached hereto as Exhibit A.

[2] A copy of the Notice of Appeal is attached hereto as Exhibit B.

2

The sole provision in the Bankruptcy Rules allowing for an extension of time beyond the ten-day period requires that a motion for extension be filed in the Bankruptcy Court. See Fed. R. Bankr. Proc. 8002(c). A bankruptcy court may extend the time for filing a notice of appeal for a period not to exceed 20 days from the expiration of the time otherwise prescribed by Rule 8002. See id. The request to extend the time for filing the notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. See id.; In re Universal Minerals, 755 F.2d at 312.

It is undisputed that Mr. Hayes did not file the Notice of Appeal within ten days of the entry of the Order. The Bankruptcy Court entered the Order on May 15, 2006; an appeal of the Order was required no later than May 25, 2006. Mr. Hayes, however, did not file the Notice of Appeal until May 30, 2006 -- five days after the time allotted under Bankruptcy Rule 8002(a). Moreover, Mr. Hayes has not requested any extension of time, pursuant to Bankruptcy Rule 8002(c), in which to commence the Appeal. The time permitted to make such a request has expired. Courts within the Third Circuit have strictly construed the requirements of Rule 8002 and have held that the failure to follow the rule, including the untimely filing of a notice of appeal, results in the loss of the right to appeal. See, e.g., In re Colon, 941 F.2d 242, 246 (3d Cir. 1991) (affirming order dismissing appellant's late filed appeal for failing to comply with deadlines in Rule 8002); In re Universal Minerals, Inc., 755 F.2d 309; (same); In re Seagull, 155 Fed. Appx. 80, 82 (3d Cir. 2005) (holding same)[3]; Whitemere Dev. Corp. v.

---

[3] In re Seagull was not selected for publication. Accordingly, pursuant to Local Rule, a copy is attached hereto as Exhibit C.

Cherry Hill, 786 F.2d 185, 187 (3d Cir. 1986) ("time limit [in Rule 8002] is strictly construed and is jurisdictional in effect"); In re Rubenstein, 101 B.R. 423 (D. N.J. 1989) (dismissing appeal filed two days late for failure to comply with Rule 8002).

## CONCLUSION

WHEREFORE, the Reorganized Debtors respectfully request that the Appeal be dismissed, with prejudice, as having been untimely.

Dated: June 29, 2006
      Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Michael J. Merchant (No. 3854)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

and

Michael F. Walsh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

and

Adam P. Strochak
Joanne M. Guerrera
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW
Suite 900
Washington, D.C. 20005

Attorneys for Appellees Genesis Health Ventures, Inc. and Its Former Debtor Affiliates

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re:                                           :   Chapter 11
                                                 :
GENESIS HEALTH VENTURES, INC.,                   :   Case No. 00-2692 (PJW)
                                                 :
                                                 :
        Reorganized Debtor.                      :   Re: Docket Nos. 2337 and 2339
---------------------------------------------------x

**ORDER (I) DENYING, WITH PREJUDICE, MR. HAYES' "MOTION FOR STAY OF ORDER GRANTING REORGANIZED DEBTORS' CROSS MOTION FOR SANCTIONS FOR THE PENDENCY OF THE APPEAL" AND (II) DENYING, WITHOUT PREJUDICE THE "REORGANIZED DEBTORS' CROSS-MOTION FOR THE ENTRY OF AN ORDER (A) IMPOSING FURTHER MONETARY SANCTIONS AGAINST MR. HAYES, (B) BARRING MR. HAYES FROM FILING ANY ADDITIONAL PLEADINGS IN THIS CASE AND (C) RELIEVING THE REORGANIZED DEBTORS OF THEIR OBLIGATION TO RESPOND TO ANY ADDITIONAL PLEADINGS FILED BY MR. HAYES"**

Upon consideration of (1) the *Motion for a Stay of Order Granting Reorganized Debtors' Cross Motion for Sanctions for the Pendency of the Appeal*, filed by James J. Hayes on March 20, 2006 (the "Stay Motion"); and (2) the *Reorganized Debtors' Cross-Motion for the Entry of an Order (a) Imposing Further Monetary Sanctions Against Mr. Hayes, (b) Barring Mr. Hayes from Filing Additional Pleadings in This Case and (c) Relieving the Reorganized Debtors of Their Obligation to Respond to Any Additional Pleadings Filed by Mr. Hayes* (the "Cross Motion"); the Court having reviewed the Stay Motion and the Cross-Motion and all pleadings relating thereto; and the Court having heard the statements of the parties in support of, or in response to, the Stay Motion and the Cross-Motion at a hearing before the Court on May 10, 2006 (the "Hearing");

IT IS HEREBY ORDERED THAT:

1.   The Stay Motion is denied, with prejudice, for the reasons stated on the record at the Hearing.

RLF1-3013190-1

2. The Cross-Motion is denied, without prejudice, for the reasons stated on the record at the Hearing.

3. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: May 12, 2006
Wilmington, Delaware

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

RLF1-3013190-1

# **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: GENESIS HEALTH VENTURES ) Chapter 11
INC. et al., )
) Bankruptcy Case No. 00-2692
) (Jointly Administrated)
Reorganized Debtors. )
)

FILED 2006 MAY 30 PM 2:51

## NOTICE OF APPEAL

Notice is hereby given that James J. Hayes, a member of the equity class in this bankruptcy, appeals to the United States District Court for the District of Delaware the Order dated May 12, 2006 of the United States Bankruptcy Court for the District of Delaware denying the Hayes motion to stay the Bankruptcy Court's Order dated March 2, 2006 ordering payment of attorney fees and costs to the Reorganized Debtors' Counsel and the Senior Lenders' Counsel.

Dated: May 23, 2006

James J. Hayes
4024 Estabrook Dr.
Annandale, VA 22003
(703) 941-4694

JAMES J HAYES
4024 ESTABROOK DR.
ANNANDALE, VA 22003

May 23, 2006

FILED
2006 MAY 30 PM 2:50
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Office of Clerk
U. S. Bankruptcy Court, District of Delaware
824 Market Street, 5th Floor
Wilmington, Delaware 19801

Re: In re: GENESIS HEALTH VENTURES, INC., et al , Reorganized Debtors,
    Case No. 00-2692/PJW

Dear Sir or Madam:

Enclosed is a Notice of Appeal and a check for $255 in the above captioned case.

The service list for this Notice is as follows:

Russell C. Silberglied
Richards Layton and Finger P.A.
One Rodney Square
Wilmington, DE 19899; and


Teresa K. D. Currier
Klett Rooney Lieber & Schorling, PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801


Yours Sincerely,

*James J. Hayes*
James J. Hayes

# **EXHIBIT C**

Westlaw.

155 Fed.Appx. 80                                                                 Page 1

155 Fed.Appx. 80, 2005 WL 3149591 (C.A.3 (N.J.))
**(Cite as: 155 Fed.Appx. 80)**

Briefs and Other Related Documents
This case was not selected for publication in the Federal Reporter.NOT PRECEDENTIAL. Please use FIND to look at the applicable circuit court rule before citing this opinion. Third Circuit Local Appellate Rule 28.3(a) and Internal Operating Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3 IOP APP I 5.3.)
United States Court of Appeals,Third Circuit.
In re: Lewis M. SEAGULL, Appellant.
No. 05-1744.

Submitted under Third Circuit LAR 34.1(a)-Nov. 15, 2005.
Decided Nov. 28, 2005.

**Background:** Debtor appealed from order of the United States District Court for the District of New Jersey, William G. Bassler, J., which dismissed his pro se appeal from an order of the Bankruptcy Court.

**Holding:** The Court of Appeals, Pollack, District Judge, sitting by designation, held that debtor failed to move for an extension of time within which to file a notice of appeal from order of the Bankruptcy Court.

Affirmed.

West Headnotes

**Bankruptcy 51 €═3774.1**

51 Bankruptcy
　51XIX Review
　　51XIX(B) Review of Bankruptcy Court
　　　51k3774 Notice of Appeal; Time
　　　　51k3774.1 k. In General. Most Cited Cases

**Bankruptcy 51 €═3775**

51 Bankruptcy
　51XIX Review
　　51XIX(B) Review of Bankruptcy Court
　　　51k3774 Notice of Appeal; Time
　　　　51k3775 k. Relief from Limitation; Excusable Neglect. Most Cited Cases
Debtor failed to move for an extension of time within which to file a notice of appeal from order of the bankruptcy court, and, thus, debtor had 10 days from date of the order in which to file notice of appeal; his late-filed notice of appeal would not be transformed into both a notice of appeal and a motion for extension of time in which to file such notice. Fed.Rules Bankr.Proc.Rule § 8002, 11 U.S.C.A.

*80 On Appeal from the United States District Court for the District of New Jersey. (D.C. Civil No. 04-cv-03211). District Judge: The Honorable William G. Bassler.

Lewis M. Seagull, Westfield, NJ, pro se.
William J. Thomas, Trenton, NJ, for Appellee.

Before BARRY and AMBRO, Circuit Judges, and POLLAK,<sup>FN*</sup> District Judge.

　　FN* Honorable Louis H. Pollak, District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

*81 OPINION
POLLAK, District Judge:
**1 This is an appeal from an order of the United States District Court for the District of New Jersey dismissing appellant Lewis Seagull's *pro se* appeal of the Bankruptcy Court's grant of summary judgment against him.

Because we write primarily for the parties, we will recite only those facts and aspects of the procedural

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

155 Fed.Appx. 80                                                                                                  Page 2

155 Fed.Appx. 80, 2005 WL 3149591 (C.A.3 (N.J.))
**(Cite as: 155 Fed.Appx. 80)**

history that are of particular pertinence. Appellant, a former attorney and debtor in bankruptcy, had requested discharge of a number of claims asserted against him by the New Jersey Lawyers' Fund for Client Protection ("the Fund"), which sought reimbursement for payments it had made to some of appellant's clients subsequent to his disbarment. The Bankruptcy Court ultimately granted summary judgment in favor of the Fund, finding that appellant obtained the sums owed to the Fund by misrepresentation, and therefore the debts were excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A).[FN1] Appellant filed a motion for reconsideration, which the Bankruptcy Court denied on May 7, 2004. Appellant filed a notice of appeal with the District Court on Monday, June 7, 2004, thirty-one days after the Bankruptcy Court had denied his motion for reconsideration. The District Court's dismissal of that appeal is the basis of this appeal.

> FN1. In relevant part, § 523(a) states: "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-(A) false pretenses, a false representation, or actual fraud...."

Bankruptcy Rule 8002 provides that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." The Rule goes on to make express provision for extending the ten-day period: "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal...."

Thus, pursuant to Rule 8002, one intending to appeal a bankruptcy court order must do so within ten days of the date of the order, or, if a motion to extend the time for filing a notice of appeal has been filed and granted, within an additional twenty days-i.e., within an aggregate of thirty days from the date of the order sought to be appealed. Appellant filed what he denominated a notice of appeal on the thirty-first day. Because the thirtieth day was a Sunday, filing on the thirty-first day would have been timely [FN2] if appellant had previously moved for an extension of time to file a notice of appeal, and the motion had been granted. But appellant had never filed a motion for extension of time, and so the predicate for filing a notice of appeal was lacking.

> FN2. Bankruptcy Rule 9006 reads in relevant part as follows: "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not one of the aforementioned days."

Appellant contends that "[i]t goes without saying that one who attempts to file an appeal intends, if necessary, to file an extension" and that the District Court was unduly technical in failing to treat his late-filed notice of appeal as containing an implicit *82 motion for extension of time. We reject this contention, as appellant cites no case in support of it, and the case law in fact establishes the contrary-that it is not the practice of the federal courts to transform a late-filed notice of appeal into both a notice of appeal and a motion for extension of time in which to file such notice. *In re R.H. Macy & Co.,* 173 B.R. 301, 302 (S.D.N.Y.1994); *Herman v. Guardian Life Ins. Co. of America,* 762 F.2d 288, 289-90 (3d Cir.1985); *Poole v. Family Court of New Castle County,* 368 F.3d 263, 267 (3d Cir.2004).

**\*\*2** Appellant does not offer any legal argument excusing his failure to timely file his notice of appeal, but rather suggests this court should look past procedural "technicality" and consider the merits of his case. However, the timely filing requirement of Rule 8002, far from being a mere

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

155 Fed.Appx. 80                                                                                               Page 3

155 Fed.Appx. 80, 2005 WL 3149591 (C.A.3 (N.J.))
**(Cite as: 155 Fed.Appx. 80)**

technicality, is a jurisdictional prerequisite. *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir.1997); *In re Universal Minerals, Inc.*, 755 F.2d 309, 310-11 (3d Cir.1985). The District Court therefore could not have properly considered the merits of appellant's appeal, and neither can this Court. We will affirm the District Court's dismissal of the appeal from the Bankruptcy Court.

C.A.3 (N.J.),2005.
In re Seagull
155 Fed.Appx. 80, 2005 WL 3149591 (C.A.3 (N.J.))

Briefs and Other Related Documents (Back to top)

• 05-1744 (Docket) (Mar. 09, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works

## Schedule A

Galway 2004-1, LLC

Settlement Fee Finance 2004-1, LLC

BTHEMY (FL) FUNDING II LLC

FH (FL) FUNDING II LLC

GP (FL) FUNDING II LLC

JM-JG (OH) FUNDING I LLC

JM-JG (OH) FUNDING II LLC

MAHER (FL) FUNDING LLC

NAM (OH) FUNDING I LLC

NAM (OH) FUNDING II LLC

NCH (FL) FUNDING II LLC

NPR (FL, MS) FUNDING LLC

PUT (FL, MS) FUNDING LLC

PWJMW (OK) FUNDING LLC

RANTOL (OK) FUNDING LLC

SRZC (MA) FUNDING LLC

WB (FL, MS) FUNDING I LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Michael J. Merchant, hereby certify that on the 29th day of June, 2006, I electronically filed the **Appellees' Motion to Dismiss Appeal of James J. Hayes as Untimely Under Rule 8002 of the Federal Rules of Bankrutpcy Procedure** with the Clerk of the Court using CM/ECF which will send notifications of such filing to the following :

Teresa K. D. Currier
currier@klettrooney.com

Russell C. Silberglied
Silberglied@rlf.com

I, Michael J. Merchant, hereby certify that on the 29th day of June, 2006, I sent via Hand Delivery (Local), First Class Mail (Non-Local) and Federal Express (Non-Local) the **Appellees' Motion to Dismiss Appeal of James J. Hayes as Untimely Under Rule 8002 of the Federal Rules of Bankruptcy Procedure** to the following participants:

**Via Hand Delivery**

Joseph J. McMahon, Jr., Esquire
Office of the United States Trustee
844 N. King Street, Room 2311
Wilmington, DE 19801

**Via First Class Mail**

Menachem O. Zelmanovitz
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(Counsel for Mellon Bank, N.A.)

Michael F. Walsh
Weil, Gosthal & Manges LLP
767 Fifth Avenue
New York, NY 10153

RLF1-3032230-1

Adam P. Strochak
Joanne M. Guerrera
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Suite 900
Washington, DC 20005

**Via Federal Express**

James J. Hayes
4024 Estabrook Dr.
Annandale, VA 22003

                                             _____
                                             Michael J. Merchant (No. 3854)
                                             RICHARDS, LAYTON & FINGER, P.A.
                                             One Rodney Square
                                             P.O. Box 551
                                             Wilmington, DE 19899
                                             (302) 651-7700
                                             merchant@rlf.com

RLF1-3032230-1