```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

IN RE:                          :  Chapter 11
                                :
GENESIS HEALTH VENTURES, INC.,  :  Bankruptcy Case No. 00-2692-PJW
et al.,                         :
                                :
          Debtors.              :
_____:_____
JAMES J. HAYES,                 :
                                :
          Appellant,            :
                                :
     v.                         :  Civil Action No. 06-397-JJF
                                :
GENESIS HEALTH VENTURES, INC.,  :
et al.,                         :
                                :
          Appellees.            :
```

James J. Hayes, Pro Se Appellant.

Michael F. Walsh, Esquire of WEIL, GOTSHAL & MANGES LLP, New York, New York.
Adam P. Strochak, Esquire and Joanne M. Guerrera, Esquire of WEIL, GOTSHAL & MANGES LLP, Washington, D.C.
Mark D. Collins, Esquire, Russell C. Silberglied, Esquire and Michael J. Merchant, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Appellees.

## MEMORANDUM OPINION

January 26, 2007
Wilmington, Delaware

**Farnan, District Judge**

Pending before the Court is a Motion To Dismiss Appeal Of James J. Hayes As Untimely Under Rule 8002 Of The Federal Rules Of Bankruptcy Procedure (D.I. 3) filed by Appellees, Genesis Health Ventures, Inc. and its former debtor affiliates (the "Reorganized Debtors"). For the reasons discussed, the Court will grant the Reorganized Debtors' Motion.

**I.   PARTIES' CONTENTIONS**

On May 30, 2006, Appellant filed a Notice Of Appeal in the Bankruptcy Court of the Bankruptcy Court's May 12, 2006 Order (I) Denying, With Prejudice, Mr. Hayes' "Motion For Stay Of Order Granting Reorganized Debtors' Cross Motion For Sanctions For The Pendency Of The Appeal" And (II) Denying, Without Prejudice, The "Reorganized Debtors' Cross-Motion For The Entry Of An Order (A) Imposing Further Monetary Sanctions Against Mr. Hayes, (B) Barring Mr. Hayes From Filing Any Additional Pleadings In This Case And (C) Relieving The Reorganized Debtors Of Their Obligation To Respond To Any Additional Pleadings Filed By Mr. Hayes." By their Motion To Dismiss, the Reorganized Debtors contend that Appellant's Notice Of Appeal is untimely pursuant to Federal Rule of Bankruptcy Procedure 8002.

On October 30, 2006, the Court issued an Order requiring Appellant to file an Answer Brief to the Reorganized Debtors' Motion. To date, Appellant has failed to file a response.

1

## II. DISCUSSION

In pertinent part, Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides: "Notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order or decree appealed from." The ten-day mandate of Rule 8002 is jurisdictional, and the Court has no authority to waive this time limit. Whitemere Dev. Corp. v. Township of Cherry Hill, 786 F.2d 185, 187 (3d Cir. 1986); In re Universal Minerals, Inc., 755 F.2d 309 (3d Cir. 1985).

The only provision of the Bankruptcy Code allowing for an extension of time beyond the ten days provided for in Rule 8002(a) is Rule 8002(c). To invoke an extension under Rule 8002(c), the appellant must request the extension "by written motion filed before the time for filing a notice of appeal has expired [or] not later than 20 days after the expiration of the time for filing a notice of appeal . . . upon a showing of excusable neglect."

The Order appealed by Appellant was signed by the Bankruptcy Court on May 12, 2006 and entered on the docket on May 15, 2006. Thus, May 15, 2006 is the controlling date for calculating the ten-day time period. Under the Bankruptcy Rules, intervening Saturdays and Sundays are counted when computing the ten-day time period. Accordingly, Appellant's Notice of Appeal was due May 25, 2006.

2

Appellant's Notice of Appeal is dated May 23, 2006, but it was filed on May 30, 2006. In Houston v. Lack, 487 U.S. 266 (1964), the Supreme Court determined that a pro se prisoner's notice of appeal is filed when it is delivered to prison officials for mailing. That date is presumptively the date contained in the filing. However, the Houston rule only applies to pro se prisoners, and there is no indication in the record that Appellant is incarcerated. See Shendock v. Director, Off. of Workers' Comp. Programs, 893 F.2d 1458, 1465 (3d Cir. 1990) (recognizing that Houston rationale applies to the unique circumstances of prisoners, because they are "at the mercy of prison authorities with respect to forwarding of their mail" and declining to apply Houston to jurisdictional deadline imposed by statute); see also In the matter of Arbuckle, 988 F.2d 29, 31 (5th Cir. 1993) (holding that a notice of appeal is filed on the date it is received by the court and not on the date it is mailed); In re Ramsey, 612 F.2d 1220, 1223 (9th Cir. 1980) (declining to extend "mailbox rule" to notices of appeal under Rule 2008). In addition, Appellant did not request an extension of time pursuant to Rule 8002(c). Accordingly, the Court concludes that Plaintiff's Notice of Appeal is untimely, and therefore, the Court lacks jurisdiction to adjudicate his appeal. See e.g., In re Seagull, 155 Fed. Appx. 80 (3d Cir. 2005); In re Colon, 941 F.2d 242, 246 (3d Cir. 1991).

### III. CONCLUSION

For the reasons discussed, the Court will grant the Reorganized Debtors' Motion To Dismiss Appeal Of James J. Hayes As Untimely Under Rule 8002 Of The Federal Rules Of Bankruptcy Procedure (D.I. 3).

An appropriate Order will be entered.